**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 05-CR-20002

GARY THEUNICK, FREDERICK MACKINNON
and MAXWELL GARNETT,

    Defendants.
                                             /

**OPINION AND ORDER DECLINING TO ISSUE ENTRAPMENT INSTRUCTION**

Defendant Maxwell Garnett proffers that the jury be instructed on the defense of entrapment by estoppel. In its August 27, 2007 order, the court found that, because the proffered defense is an affirmative defense, Garnett must demonstrate that there is a factual basis for the instruction by showing the following:

> [T]hat, before he acted, a government official told him that certain conduct, alleged in this case to be criminal, would be legal, that he actually relied upon the government official's statement in so acting and that his reliance was in good faith and reasonable in light of the identity and responsibilities of the government official in question, the point of law discussed, and the substance of the government official's statement.

(8/27/07 Order at 3-4.)  *See also United States v. Kidwell*, 217 F. App'x 441, 447 (6th Cir. 2007).[1]

Garnett testified on his own behalf, stating that he spoke by telephone to one or

---

[1] The court's earlier observation that the Sixth Circuit "has not spoken" on this defense was incorrect. Although not presented in briefing by counsel –beyond the one case mentioned by Mr. Brisbois on the record– there are a number of cases in which the defense, in one or another or its multiple formulations, has been explained and commented upon.

more unidentified ATF "inspectors" who told him, in essence, that (1) it was acceptable to use personal funds order to purchase machineguns and or silencers for departmental use and (2) inter-departmental transfers of such firearms were permitted.  Garnett now argues that this evidence establishes a basis to instruct the jury on his affirmative defense of entrapment by estoppel.

As the court stated on the record on August 28, 2007, the court finds that Garnett has not made an adequate factual showing as to the first requirement: "that the assurances upon which the defendant relied were made by an 'authorized government official.'"  *United States v. Dixon*, No. 97-6088, 1999 WL 98578 at *3 (6th Cir. 1993). First, it appears to the court that if the ATF inspectors' alleged statements, brought before the court only in the form of Garnett's testimony, are to form the factual basis for the proposed instruction, they must have been presented for the truth of the matter asserted ("the truth" being that the statements consisted of what Garnett said they did) and as such would constitute inadmissible hearsay evidence.  Second, even if the inspector's alleged assurances were introduced into evidence by some other means, they would not reassure Garnett that he should be able to legally do what he is now being charged of doing, which is using his official position to obtain firearms that, while purportedly for official use, are in truth only for personal use.  Instead, the inspectors are alleged to have reassured Garnett about only two unremarkable propositions related to only a few of Garnett's alleged acts (the legality of personal funds for purchase and of interdepartmental transfers) that are alleged to have lead to the decidedly criminal *personal* possession of the firearms at issue in this case.  Garnett has presented no testimony, hearsay or otherwise, to the effect that having one's paperwork in order is

the only thing required, or that using a pretense such as the cover of office to obtain personal-use NFA firearms is permitted under the NFA. He has accordingly failed to provide a factual basis for his proposed defense, and the court will not instruct the jury regarding entrapment by estoppel.

Importantly, however, Garnett was permitted to fully testify in the jury's presence regarding his alleged conversations with the inspectors. The court overruled the government's hearsay objections and allowed this testimony not to establish the truth of the matter asserted, but only for its possible effect on Garnett. The court determined that the inspectors' alleged statements, if believed, could be relevant as to *mens rea*. This determination is in accord with previous Sixth Circuit law. *See id.* at *4 ("Although [the defendant] is precluded from raising the defense of entrapment by estoppel, the evidence proffered by [the defendant] is relevant for another purpose-[the defendant's] state of mind with respect to the . . . charges.").

As explained on the record, the court has allowed Garnett to present evidence regarding his purported reliance on the inspector's advice, not as a basis for his affirmative defense, but as a defense to the intent element of the government's charges.

IT IS SO ORDERED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
