UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                   Case No. 05-CR-20002-3

MAXWELL LEE GARNETT,

    Defendant.
                                         /

## **AMENDED** OPINION AND ORDER DENYING "MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MAXWELL GARNETT"

Pending before the court is a motion filed by William Brisbois, counsel for Defendant **Maxwell Garnett**. In his motion, counsel seeks to withdraw from further representation in this case. The stated basis of the motion is monetary. Counsel claims that "Defendant Garnett is now indebted to William A. Brisbois and Associates for approximately $40,000.00" and "as a result of significant change[s] in the financial circumstances during the two plus years since this indictment Defendant Garnett can no longer afford to prosecute his defense on appeal." (Mot. Withdraw at ¶¶ 12-13.)

This court's fundamental premise is that an attorney represents a criminal client through the end of litigation.

> An attorney who undertakes to conduct an action impliedly stipulates that he will prosecute it to a conclusion, and he is not at liberty to abandon the suit without reasonable cause. If reasonable cause exists, however, an attorney, prior to termination of the suit, and on reasonable notice, may end the attorney-client relationship.

7 Am. Jur. 2d, Attorneys at Law, § 173, pp. 224-225 (footnotes omitted; emphasis added); *see also, e.g., U.S. v. Herbawi*, 913 F.Supp. 170, 171 (W.D.N.Y.1996) ("It

is not surprising that the withdrawal of retained criminal counsel after a general notice of appearance has been entered is not viewed with favor by the courts."). The Eastern District has long proceeded from the same premise. *See* E.D. Mich. LCrR. 57.1(a) ("An attorney . . . *shall continue to represent the defendant until . . . the direct appeal is completed* unless the attorney is granted leave to withdraw . . . .") (emphasis added).

Although the court appreciates that there are some costs associated with appellate representation, they are not likely to be significant in comparison to the time required for trial preparation and presentation. Present counsel's intimate familiarity with the complex fundamentals of this case could not be duplicated without an extraordinary effort by substitute counsel, but that would be required in order to properly prepare an appeal. Accordingly, the likelihood of appellate delays looms large, as do costs to the public in the event that assigned counsel were to be approved. *See* E.D. Mich. LCrR 57.1(b) ("The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice."). Also, the possibility of appeal, and whatever attendant costs might be implicated, should have been anticipated by counsel. Finally, barring extreme circumstances not present here, the focus of concern cannot be whether this case proves profitable for counsel. The remedy for a failure to pay is to assert a breach of contract action against the client, not to abandon representation.

In the event that Defendant retains other competent counsel to substitute for current counsel, the court may allow it. Based upon what has been presented thus far, however,

IT IS ORDERED that the motion to withdraw [Dkt. # 215] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 22, 2008, by electronic and/or ordinary mail.

        S/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522