# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 05-CR-20002-3

MAXWELL LEE GARNETT,

    Defendant.
                              /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL

On August 30, 2007, a jury found Defendant Maxwell Lee Garnett guilty of numerous counts of violating 18 U.S.C. § 371, 26 U.S.C. § 7206(2), 26 U.S.C. § 5861(d) and 26 U.S.C. § 5861(l). On March 14, 2008, Garnett filed a notice of appeal in this matter. The court sentenced Garnett to concurrent terms of imprisonment of 71 months.

Currently before the court is Garnett's motion for bond pending appeal. The matter has been fully briefed and is ripe for determination. For the reasons stated below, the court will deny the motion.

## I. STANDARD

Under 18 U.S.C. § 3143, the court is required to order the detention, pending appeal, of an individual who has been sentenced to a term of imprisonment, subject to a few exceptions. The Sixth Circuit has noted that § 3143 "creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). Specifically, § 3143(b) provides:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

        (i) reversal,

        (ii) an order for a new trial,

        (iii) a sentence that does not include a term of imprisonment, or

        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in sub-paragraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

## II. DISCUSSION

### A. 18 U.S.C. § 3143(b)(1)(B)

In order to grant Garnett's motion for bond pending appeal, the court must find (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community and (2) that he has demonstrated that his

appeal will raise a substantial question of law or fact likely to result in a reversal, a new trial or a reduced sentence. 18 U.S.C. § 3143(b)(1). "[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell,* 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc)). Courts have held that a substantial question is "either a novel question, one that has not been decided by controlling precedent, or one which is fairly doubtful." *United States v. Henson*, 663 F.Supp. 1112, 1113 (W.D. Ky. 1987) (citing *United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985)). The Sixth Circuit has also concluded that "mere identification of issues" is not sufficient to establish a substantial question of law or fact required by 18 U.S.C. § 3143(b)(1)(B). *United States v. Moore*, Nos. 88-5460, 88-5503, 1988 WL 63191, at *1 (6th Cir. June 16, 1988).

The record in this case spans nearly three and a half years and Garnett indicates that he intends to raise multiple issues on appeal. However, a defendant cannot satisfy § 3143(b)(1)(B) just because he raises multiple issues on appeal. Furthermore, a voluminous, complex and well-lawyered case is not necessarily more likely to raise substantial questions than a simple case. In any event, the court finds that Garnett has failed to articulate substantial questions of law or fact, and his motion for bond pending appeal must be denied.

### 1. Need Versus Personal Use

Garnett claims that the court erred by allowing the Government to question Defendants on "need" during trial. Garnett argues that the court's decision presents a substantial question because it had a "chilling effect" upon his right to testify, denied him a fair trial and erroneously shifted the burden of proof. (Garnett's Mot. at 3.) The asserted error stems from Judge Friedman's earlier order quashing co-Defendant Gary Theunick's subpoenas, which were designed to reveal information regarding the inventory of machineguns and silencers in other local and state law enforcement divisions. (*See* 6/27/07 Order.) Defendants intended to use the subpoenas to obtain information showing that other government agencies possessed machineguns and silencers. Garnett now claims that he relied on statements from U.S. Attorney Janet Parker to Judge Friedman that "need" would not be part of the government's "case in chief." (6/26/07 Hearing Tr. at 10.) Garnett essentially argues that this Court contradicted Judge Friedman's order to quash by later ruling that the Government would be allowed to inquire about the "presence or absence of personal 'need' for such firearms" during trial. (8/22/07 Order at 4.) The information sought in Defendants' subpoenas, Garnett asserts, would have been relevant to the issue of personal need. Garnett maintains that the court's rulings on this issue were erroneous and could present substantial questions on appeal.

Garnett's characterization of these rulings is inaccurate. This court's August 22, 2007 order effectively clarified that Judge Friedman's ruling to quash the subpoenas was limited in scope: "[t]he government did not at the hearing commit itself to avoid presentation of evidence touching upon the incidents of or proof of individual

4

possession, nor did the court intend to prohibit such evidence." (*Id.*)  Judge Friedman's limited ruling placed no restriction

> upon the government's ability to adduce evidence tending to prove actual personal possession, versus official governmental possession, of NFA firearms even if it includes or touches upon concepts such as allegations of the presence or absence of *personal* "need" for such firearms, allegations of the "unusual," and therefore *personal*, nature of various transactions entered into, and the like.

(*Id.* at 4-5.)  Instead, Judge Friedman's order merely restricted the Government from comparing Defendants' alleged need with other governmental agencies, and the government clarified that "we would not present evidence of, say, other prosecutors' offices not having similar firearms."  (6/26/07 Hearing Tr. at 10.)  The issue of personal possession is distinct from comparison evidence, and was "the essence of the allegations in the indictment in this case."  (8/22/07 Order at 5.)  Indeed, evidence of the Defendants' alleged need or desire for personal possession of machineguns and silencers went "to the heart of the government's allegations."  (*Id.*)

This court has previously examined and ruled upon Garnett's objections regarding this issue both before and during trial.  Garnett raises no novel factual or legal questions nor does he raise any issues that were doubtful to this court when it issued its August 22, 2007 order.  Furthermore, given the court's recognition that personal possession went to the heart of the government's case, this was not a close question.  Therefore, Garnett has failed to present a substantial question of law or fact under 18 U.S.C. § 3143(b)(1)(B).

## 2. Jury Instructions

Garnett claims that several decisions by the trial court regarding jury instructions present substantial questions of law or fact. The Sixth Circuit established a clear standard of review for jury instructions:

> This Court reviews jury instructions as a whole in order to determine whether they adequately inform the jury of the relevant considerations and provide a sound basis in law to aid the jury in reaching its decision. A judgment may be reversed if the jury instruction fails accurately to reflect the law. However, this Court may not reverse unless the instructions, viewed as a whole, were confusing, misleading, or prejudicial.

*United States v. Rose*, 522 F.3d 710, 719 (6th Cir. 2008) (quotations, citations omitted) (outlining the Sixth Circuit's standard of review and applying it to an appellant convicted under 26 U.S.C. § 5861(d)).

Garnett argues that certain language in the jury instructions was extraneous and improperly placed a burden on the defense to show that the machineguns and silencers were possessed in furtherance of his official duties. (Garnett's Mot. at 7.) The court heard arguments for almost an entire day regarding the final jury instructions, and one of the most contested points concerned the inclusion of the terms "official duty" and "official duties." Defendants sought to exclude the terms from the instructions, (8/13/07 Hearing Tr. at 60-61, 73, 104-06), claiming that such language was too ambiguous and a "black hole for definition," (*id.* at 105). Garnett now asserts, as Defendants' attorneys did during the hearing, that the language impermissibly shifted the burden of proof to the Defendants. (Garnett's Mot. at 7.) He also claims that the instructions created a "need versus personal use element" absent from 26 U.S.C. § 5861. (*Id.*) Finally, Garnett claims that a close question exists because the court changed the language of

the instructions numerous times and the jury asked an evidentiary question regarding the issue during its deliberations.  (*Id.*)

The court's decision to include the term "official duties" in its jury instructions was intended to clarify the statute for the jury.  The use of the term "orients the jury and seems . . . to capture the corners of both sides" of the case.  (8/13/07 Hearing Tr. at 56.)  "I think . . . that some sort of scope, scope of authority, scope of professional duty is required for proper orientation here."  (*Id.* at 66.)  The court was therefore sensitive to both sides' arguments and sought to avoid misleading or confusing the jury, and the fact that the court changed the language of the instructions does not indicate that the final instructions were unfair or ambiguous.  Furthermore, the mere fact that the jury asked a question regarding the issue of official duties versus personal use fails to prove that the court's final decision regarding jury instructions was prejudicial, misleading, confusing, or a misstatement of law.  Garnett offers no evidence that the court's decision to use the term "official duties" in the instructions was a novel question of law, fairly doubtful, or a misstatement of the applicable statute.  He has therefore failed to establish a substantial question of law or fact regarding this aspect of the jury instructions.

Garnett also argues that the court erred when it denied his requested definitions of "employee" and "official use," requested instructions on a public authority defense and requested instructions regarding the rule of lenity and entrapment by estoppel.  (Garnett's Mot. at 8.)  Garnett contends that all these issues were close questions which, if decided in his favor on appeal, would result in a reversal of his conviction.  Garnett identifies these issues in his motion and brief but fails to indicate how the court's decisions presented close or novel questions, or violated the circuit's standards.

7

Mere identification of issues, without substantive arguments addressing the requirements of 18 U.S.C. § 3143(b)(1)(B), is not sufficient to establish a substantial question of law or fact.

### 3. Motion to Dismiss

Garnett asserts that the district court's denial of several pre-trial motions raise substantial appellate issues. The only motion that Garnett specifically identifies, however, is Defendants' motion to dismiss because 26 U.S.C. § 5861 is unconstitutionally vague.

In their pre-trial motion to dismiss, Defendants relied on the holding in *United States v. Vest*, 448 F.Supp. 2d 1002 (S.D. Ill. 2006), to argue that 26 U.S.C. § 5861 is unconstitutionally vague as it applied to Defendants.[1] Given the obvious factual distinctions between the *Vest* case and the case against Garnett, Judge Friedman denied the motion.[2] (1/31/07 Hearing Tr. at 19-20.) Judge Friedman also noted that the *Vest* decision was "not binding on this Court or any other Court and really doesn't give us a lot of instruction." (*Id.* at 19.) Garnett has therefore presented no close factual or legal questions that could have gone either way.

---

[1] The *Vest* case involved prosecution of a law enforcement officer for violating 26 U.S.C. § 5861(d). The prosecuted officer, at the time of his arrest, was a lead rifle instructor for the Illinois State Police and formerly a member of the SWAT team. *Id.* at 1014. The *Vest* court concluded that § 5861(d) was unconstitutionally vague *"as applied to Vest as a police officer/lead rifle instructor."* *Id.* (emphasis added).

[2] The *Vest* court, in concluding that Officer Vest could not have been put on notice that his possession of a machinegun was illegal, relied in large part on the fact that the officer was the department's lead rifle instructor and equipment officer at the time of his arrest for violation of § 5861(d). 448 F.2d at 1014. Furthermore, Vest was arrested for possession of a single machinegun. *Id.* at 1004. Judge Friedman concluded that "the facts are very much different" and did not apply to Defendants in this case. (1/31/07 Hearing Tr. at 19.)

Judge Friedman also emphasized Supreme Court jurisprudence on vagueness and concluded that statutes do not have to so exact or precise such that they apply to every conceivable situation: "the Supreme Court has spoken very clearly that the facts of every case are the important part of the interpretation of [a statute] as long as one look at it and be put on notice. And I think reading this particular statute it's not hard for one to look at and be put on notice." (1/31/07 Hearing Tr. at 19.) Again, Defendants' vagueness argument did not present a novel or close question of law and was rejected based on established Supreme Court precedent. Therefore, it cannot be deemed a substantial question under 18 U.S.C. § 3143(b)(1)(B).

Garnett also claims that the court erroneously ruled on other pre-trial motions, but fails to specify either the motions or the substantial questions of law or fact considered in the motions. (Garnett's Mot. at 9.) Mere identification of issues is insufficient to articulate substantial questions of law or fact required by § 3143(b)(1)(B), and the court will therefore deny Garnett's motion for bond pending appeal.

### 4. Effect of *District of Columbia v. Heller*

Finally, Garnett refers to *District of Columbia v. Heller*, No. 07-290, 2008 WL 2520816 (June 26, 2008), a case that was pending before the U.S. Supreme Court at the time Defendants filed their motions for bond pending appeal. Garnett suggests that the ruling might have far-reaching effects on his own appeal and would therefore establish a substantial question. Nothing in the June 26 decision, however, casts doubt on the constitutionality of federal regulations over the machineguns and silencers at issue in this case. Accordingly, Garnett has clearly failed to establish a substantial question that would satisfy 18 U.S.C. § 3143(b)(1)(B).

9

Garnett has failed to establish that any of these issues were close questions that could have gone either way, or were doubtful at the time the court ruled upon them. He therefore has failed to articulate a substantial question of law or fact under the Bail Reform Act, and his motion for bond pending appeal must be denied.

### B. 18 U.S.C. § 3143(b)(2)

Even if Garnett had established a substantial question of law or fact, however, it is not clear that he would be entitled to bond pending appeal. The Mandatory Detention Act established in 18 U.S.C. §3143(b)(2) requires detention pending appeal when the Defendant has been convicted of any crime listed in § 3142(f)(1)(A-C), which includes crimes of violence. A crime of violence is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). Although the Sixth Circuit has not specifically held that violations of 26 U.S.C. § 5861(d) are crimes of violence, the statutory language, the weight of authority of the U.S. Sentencing Guidelines and case law in other circuits persuade the court that Garnett's motion for release on bond pending appeal must be denied.

In the U.S. Sentencing Guidelines, a "crime of violence" is defined similarly to the definition provided in the Bail Reform Act:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2 (2004).  According to the commentary, a violation of 26 U.S.C. § 5861(d), or more generally the unlawful possession of any weapons described in 26 U.S.C. § 5845(a), such as machineguns and silencers, are crimes of violence.  *Id.* cmt. 1.

Although the Sixth Circuit has not spoken on the issue, a majority of the federal circuits have concluded that possession of NFA firearms is a crime of violence for the purposes of the Sentencing Guidelines.  *United States v. Bishop*, 453 F.3d 30, 32 (1st Cir. 2006) (holding that prior conviction for possession of NFA firearm was a crime of violence for purposes of the Guidelines and noting that the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits had endorsed that view).  These circuits have repeatedly emphasized that possession of NFA firearms is a particularly dangerous crime.  *E.g.*, *United States v. Owens*, 447 F.3d 1345, 1347 (11th Cir. 2006) (holding that violations of § 5861(d) are crimes of violence for the purpose of sentencing because possession of NFA firearms "categorically presents the potential risk of physical injury"); *Bishop*, 453 F.3d at 31 (quotations, citation omitted) ("Congress has determined that those firearms described in 26 U.S.C. §5845(a) are inherently dangerous and when possessed unlawfully, serve only violent purposes.").  The Guidelines also explicitly distinguish between possession of NFA weapons, a crime of violence, and illegal possession of firearms by felons.[3]  U.S.S.G. § 4B1.2 cmt. 1.

---

[3] The Circuits are split as to whether statutes criminalizing a felon's possession of a firearm are crimes of violence, but the Sixth Circuit has held that possession of a firearm and ammunition by a felon is not a crime of violence for the purposes of the Bail Reform Act.  *United States v. Hardon*, No. 98-1625, 1998 WL 320945, at *1 (6th Cir. June 4, 1998).  Despite this holding, the U.S.S.G. amended its commentary in 2004 to explicitly distinguish NFA possession and felon-in-possession statutes, so *Hardon* does not apply.  § 4B1.2 cmt. 1.

11

Application of the U.S.S.G. analysis of "crime of violence" to the Bail Reform Act is hardly a stretch given the similarity of the definitions. Several district courts throughout the nation have agreed that a violation of 26 U.S.C. § 5861(d) is a crime of violence for the purposes of the Bail Reform Act. *United States v. Stratton*, Nos. 00-0431, 01-0152, 2001 WL 527442, at *3 (D. Ariz. Apr. 24, 2001) (concluding that unlawful possession of a sawed-off shotgun in violation of §5861(d) was a "crime of violence" within the meaning of the Bail Reform Act); *United States v. Dodge*, 846 F.Supp. 181, 183-84 (D. Conn. 1994) (holding that conspiracy to possess and possession of unregistered silencer and pipe bomb were crimes of violence for the purposes of the Bail Reform Act); *United States v. Sloan*, 820 F.Supp. 1133, 1141 (S.D. Ind. 1993) (holding that possession of sawed-off shotgun was a crime of violence within the meaning provided by the Bail Reform Act); *United States v. Spires*, 755 F.Supp. 890, 893 (C.D. Cal. 1991) (holding that unlawful possession of multiple machineguns in violation of § 5861(d) satisfies 26 U.S.C. § 3156(a)(4)(B) because "by its very nature, [the offense] involves a substantial risk that physical force against the person or property of another may be used in the course of the unlawful possession"). It also bears mentioning that all of these decisions centered on pre-trial detention when the defendant was still presumed innocent. Here, that presumption has been removed due to Garnett's conviction. Based on the plain wording of the statutes and the great weight of authority of the USSG and federal case law, the court concludes that Garnett was convicted of multiple crimes of violence.

For all of the foregoing reasons, Garnett's motion for bond pending appeal must be denied.

### III. CONCLUSION

IT IS ORDERED that Garnett's motion for bond pending appeal [Dkt. # 221] is DENIED.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

                                      s/Lisa G. Wagner
                                      Case Manager and Deputy Clerk
                                      (313) 234-5522